HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
BENJAMIN A. GERSON, NY BAR #5505144
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
BRIANNA LUPIA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 6:18-MJ-00068-JDP |
|---|---|
| Plaintiff, | STIPULATION TO MODIFY SENTENCE; APPEAR BY VIDEO TELECONFERENCE; ORDER |
| vs. | |
| BRIANNA LUPIA, | Date: February 12, 2020<br>Time: 10:00 a.m. |
| Defendant. | Judge: Hon. Jeremy D. Peterson |

It is hereby stipulated by and between the parties through their respective counsel, Yosemite National Park Legal Officer Susan St. Vincent, counsel for plaintiff, and Assistant Federal Defender Benjamin Gerson, counsel for Defendant Brianna Lupia, that Ms. Lupia's sentence be modified to permit Ms. Lupia to complete the Colorado Level II DUI education program in lieu of the California first time offender DUI course in satisfaction of the instant sentence.  It is further stipulated that Ms. Lupia be permitted to appear by video teleconference from Colorado for future appearances.

On February 26, 2019, Brianna Lupia pleaded guilty to one count of violating 36 C.F.R § 4.23(a)(2). On that date the Honorable Jeremy D. Peterson sentenced Ms. Lupia to a term of 12 months unsupervised probation, $1190.00 in fines, a $10.00 special assessment, and the California first time DUI offender course.

1     On April 26, 2019 Ms. Lupia enrolled in the California first time DUI course at
2 Kingsview in Fresno, California. See, Docket #8.  Subsequently, Ms. Lupia relocated to Taos,
3 New Mexico, to work as a chef at the Taos ski resort.  Kingsview terminated her registration on
4 October 17, 2019. See Docket #9. Ms. Lupia then moved to Boulder, Colorado to work as a chef
5 at Brasserie Ten-Ten.  To date Ms. Lupia has paid the $10.00 special assessment and $530.00 of
6 her required fines.  However, she has not completed the California DUI course.
7     Because Ms. Lupia has yet to complete her probation requirements, Defense Counsel and
8 Counsel for the Government have stipulated to allow Ms. Lupia until February 5, 2020 to enroll
9 in a Colorado DUI program to avoid a violation of probation.  See Docket #13.  The instant
10 stipulation moves the court to modify the conditions of Ms. Lupia's probation to allow the
11 Colorado DUI course in lieu of the California DUI course.  Based on discussions between the
12 parties it is agreed that the Colorado course is substantially the same as the California course, as
13 set out in the included Memorandum of Points and Authorities.
14     The parties further stipulate that Ms. Lupia's probation period should be extended until
15 November 20, 2020, with a review hearing set October 20, 2020.  The Colorado DUI course and
16 fine payments are to be completed by September 20, 2020.
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

Because Ms. Lupia now permanently resides in Colorado, travelling to Yosemite National Park for her future hearings poses a financial and logistical hardship. The parties therefore move to court to permit Ms. Lupia to appear by video teleconference.

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

DATED: February 6, 2020   By:   */s/ Susan St. Vincent*
Susan St. Vincent
Yosemite National Park Legal Officer
Attorney for Plaintiff

HEATHER E. WILLIAMS
Federal Defender

DATED: February 6, 2020   By:   /s/ *Benjamin Gerson*
Benjamin Gerson
Assistant Federal Defender
Attorney for Defendant
Brianna Lupia

O R D E R

Brianna Lupia's sentence is modified and she is hereby ordered to complete the Colorado DUI course in lieu of the California DUI course. Her term of unsupervised probation is extended until November 20, 2020. Ms. Lupia's fine payments and also the DUI course are to be completed by September 20, 2020; review hearing is set for October 20, 2020. Future appearances by video teleconference are permitted.

IT IS SO ORDERED.

Dated:     February 6, 2020                                    _____
                                                                                    UNITED STATES MAGISTRATE JUDGE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Colorado and California DUI Classes Are Substantially Equivalent

Once convicted of Driving Under the Influence ("DUI"), both Colorado and California state law require the offender to register and attend an alcohol education and therapy class. The statutory scheme and requirements are substantially equivalent, requiring a combination of face-to-face meetings with a licensed counselor and alcohol education in an outpatient setting. The purpose of the instant memorandum is to illustrate the similarities in support of the position that either state's DUI class will satisfy the goals of a federal sentence.

### A. Time and Content Requirements

California requires first time DUI offenders with a blood alcohol content (BAC) of less than 0.20% to participate in a 30-hour class. The class is composed of 12 hours of educational sessions, 10 hours of group counseling sessions, and 8 additional hours consisting of a combination of educational sessions and group counseling sessions as determined to be clinically appropriate by the class administrator. 9 California Code of Regulations ("CCR") § 9851. Education sessions cover topics such as the physiological and social effects of alcohol and other drugs, alcoholism and addition, and alternatives and strategies. 9 CCR § 9852. Group counselling sessions must be separate and apart from the educational component and may not substitute for the required hours. The format of group counselling requires participants to examine alcohol or drug related challenges they may be facing with the goal of changing problematic behaviors and developing strategies to avoid substance abuse. 9 CCR § 9854. The California Code of Regulations permits individual counselling in place of group counselling where each hour of individual counselling may replace two hours of group counselling, effectively shortening the overall length of the course by providing more individualized treatment.

The equivalent course in Colorado is known as "Level II Therapeutic Education" and consists of 24 hours of in person education. 2 Colorado Code of Regulations § 502-1:21.240.7. Level II Therapeutic Education may then be followed by "Level II" therapy as clinically

appropriate. *Id.* Colorado requires an individual assessment to determine the appropriate course of therapy. 2 Colorado Code Regs. § 501-1:21:240.2-240.3  The standard of care set forth requires Colorado providers to offer services which may include group and individual sessions to develop coping strategies such as developing life skills, building support networks, or further education to address problematic drug and alcohol use. 2 Colo. Code Regs. § 502-1:21.210.4.

### B.  State Oversight

Both Colorado and California require licensure of facilities and staff providing DUI classes.  Colo. Code Regs. § 5021-21.210 *et seq.;* 9 CCR § 11836 *et seq.* Staff providing drug and alcohol counselling must be certified as addiction counselors (CAC) or licensed clinical social workers  (LCSW). *Id.*

### C.  Summary

Minor differences, such as the exact length of each course, are overshadowed by the similarities between California and Colorado's approach to post conviction DUI classes.  Each requires state licensed facilities staffed with licensed professionals.  Each requires both an educational and therapeutic component, covering similar topics and with similar aims: to reduce problematic or dangerous behaviors involving drug and alcohol use.  Given the wide degree of overlap between the states approaches, it is clear that if the California first time DUI class satisfies the Federal Court's rehabilitative goals, the Colorado course should be equally satisfactory.